## UNITED STATES v. MAZZAFALANA.

### No. 235.

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1936.

Sylvester & Harris, of New York City (Charles L. Sylvester, of New York City, of counsel), for appellant.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The only serious question in this case is as to the sufficiency of the proof; the challenge to the indictment being too trivial for notice. The charge was of possession of distilled spirits in unstamped containers (section 1152a, title 26, U.S.Code, 26 U.S.C.A. § 1152a); and the evidence was that the defendant with his family occupied the first story of a building from which a stairway ran to a cellar below in which the spirits were found in unstamped cans. In the second story lived the defendant's lessor, a widow living with her daughter and son. Access to the cellar could also be had from the street by a door and from a garage in the rear, occupied by a poultry dealer. The defendant tended the furnace. The spirits, i. e., alcohol, were discovered by chance; a fire broke out in the cellar and the firemen found it when they entered. The defendant was present, and burned his hands trying to put it out. In talk with the battalion chief in command at the time, "There was something said about leaving half," to which the chief replied, "When the cops come they take all, they won't leave half."

It seems to us that there was not enough evidence to support a verdict. There were two other possible possessors of the alcohol besides the defendant—the poultry man and the widow's son. We cannot see any reason à priori to choose any one of the three as against the other two. The only conceivable makeweight is the defendant's inquiry about leaving half the alcohol; but whether this was a request or from idle curiosity does not appear. Perhaps upon a new trial more may be developed which will show that the defendant showed such concern with the preservation of the alcohol as would justify the inference that it was his; but, when liberty is at stake, the record as it reads appears to us too insubstantial for conviction.

Judgment reversed; new trial ordered.